LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (Bar No. 144074)
dalekgalipo@yahoo.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Tel:   (818) 347-3333
Fax:   (818) 347-4118

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH MCLAUGHLIN, individually,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN BERNARDINO;<br>KYLE SMIT; ADAN OCHOA and<br>DOES 1-10, inclusive,<br><br>Defendants. | Case No. 5:21-cv-01118<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unlawful Detention and Arrest (42 U.S.C. § 1983)<br>2. Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)<br>4. Municipal Liability—Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Municipal Liability—Ratification (42 U.S.C. § 1983)<br>6. Municipal Liability—Failure to Train (42 U.S.C. § 1983)<br>7. False Arrest/False Imprisonment<br>8. Battery<br>9. Negligence<br>10. Violation of Cal. Civil Code § 52.1<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff JOSEPH MCLAUGHLIN, for his Complaint against Defendants KYLE SMIT, ADAN OCHOA, the COUNTY OF SAN BERNARDINO and Does 1-10, inclusive, and alleges as follows:

## JURISDICTION AND VENUE

1.       This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.       Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## INTRODUCTION

3.       This civil rights and state tort action seeks compensatory and punitive damages from Defendants for violating various rights under the United States Constitution and state law in connection with the officer-involved shooting of Plaintiff JOSEPH MCLAUGHLIN on October 23, 2020.

## PARTIES

4.       At all relevant times, Plaintiff JOSEPH MCLAUGHLIN ("Plaintiff" or "MCLAUGHLIN") was an individual residing in the County of San Bernardino, California.  Plaintiff seeks compensatory and punitive damages under federal and state law.

5.      At all relevant times, Defendant COUNTY OF SAN BERNARDINO ("COUNTY") is and was a municipal corporation existing under the laws of the State of California.  COUNTY is a chartered subdivision of the State of California with the capacity to be sued.  COUNTY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the San Bernardino County Sheriff's Department ("SBCSD") and its agents and employees.  At all relevant times, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the SBCSD and its employees and agents complied with the laws of the United States and of the State of California.  At all relevant times, COUNTY was the employer of Defendants SMIT, OCHOA and DOES 1-10.

6.      Defendant KYLE SMIT ("SMIT") is a sheriff's deputy working for the SBCSD.  At all relevant times, SMIT was acting under color of law within the course and scope of his duties as sheriff's deputy for the SBCSD.  SMIT was acting with the complete authority and ratification of his principal, Defendant COUNTY, at all relevant times.  SMIT fired shots against the Plaintiff in this case.

7.      Defendant ADAN OCHOA ("OCHOA") is a sheriff's deputy working for the SBCSD.  At all relevant times, OCHOA was acting under color of law within the course and scope of his duties as sheriff's deputy for the SBCSD.  OCHOA was acting with the complete authority and ratification of his principal, Defendant COUNTY, at all relevant times.  Plaintiff alleges that OCHOA integrally participated or failed to intervene in the violations of Plaintiff's rights, and that OCHOA had a responsibility and realistic opportunity to intervene.

8.      Defendants DOES 1-6 ("DOE DEPUTIES") are sheriff's deputies working for the SBCSD.  At all relevant times, DOE DEPUTIES were acting under color of law within the course and scope of their duties as sheriff's deputies for the SBCSD.  At all relevant times, DOE DEPUTIES were acting with the complete authority and ratification of their principal, Defendant COUNTY.

9.      Defendants DOES 7-10 are managerial, supervisorial, and policymaking employees of the COUNTY/SBCSD, who were acting under color of law within the course and scope of their duties as managerial, supervisorial, and policymaking employees for the COUNTY/SBCSD.  DOES 7-10 were acting with the complete authority and ratification of their principal, Defendant COUNTY.

10.      On information and belief, SMIT, OCHOA and DOES 1-10 were residents of the COUNTY.

11.      In doing the acts and failing and omitting to act as hereinafter described, Defendants SMIT, OCHOA and DOE DEPUTIES were acting on the implied and actual permission and consent of Defendants DOES 7-10 and the COUNTY.

12.      In doing the acts and failing and omitting to act as hereinafter described, Defendants SMIT, OCHOA and DOES 1-10 were acting on the implied and actual permission and consent of the COUNTY.

13.      The true names and capacities, whether individual, corporate, association or otherwise of Defendants DOES 1-10, inclusive, are unknown to Plaintiff, who otherwise sue these Defendants by such fictitious names.  Plaintiff will seek leave to amend his complaint to show the true names and capacity of these Defendants when they have been ascertained.  Each of the fictitiously-named Defendants is responsible in some manner for the conduct or liabilities alleged herein.

14.      At all times mentioned herein, each and every defendant was the agent of each and every other defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every defendant.

15.      All of the acts complained of herein by Plaintiff against Defendants were done and performed by said Defendants by and through their authorized agents, servants, and/or employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, service, and/or employment capacity.  Moreover, Defendants and their agents ratified all of the acts complained of

herein.

16.     SMIT, OCHOA and DOES 1-10 are sued in their individual capacity.

17.     On November 23, 2020, Plaintiff filed a comprehensive and timely claims for damages with the COUNTY pursuant to applicable sections of the California Government Code.  The claim was rejected on January 5, 2021.

## **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

18.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 17 of his Complaint with the same force and effect as if fully set forth herein.

19.     On October 23, 2020, at approximately 4:30 p.m. on that date, OCHOA and SMIT pursued MCLAUGHLIN on foot in an open desert area in the COUNTY of Twentynine Palms. At one point, MCLAUGHLIN picked up a rock, but he never threw the rock at any person. After picking up the rock, MCLAUGHLIN turned and ran away from OCHOA and SMIT.

20.     While acting under color of state law and in the course and scope of his duties as a sheriff's deputy for the SBCSD, SMIT fired multiple shots at MCLAUGHLIN, striking and seriously injuring him. At the time of the shooting, MCLAUGHLIN was running away from OCHOA and SMIT with his back to the deputies.

21.     At all relevant times, including during all of the shots, MCLAUGHLIN was not armed with a weapon and posed no immediate threat of death or serious bodily injury to any person.  Therefore, the shooting was excessive and unreasonable.

22.     On information and belief, SMIT failed to give MCLAUGHLIN a warning that deadly force would be used prior to shooting.  The shooting violated SMIT'S training and standard sheriff's deputy training, including violating training with respect to the use of deadly force.

23. OCHOA integrally participated or failed to intervene in the violations of Plaintiff's rights, and OCHOA had a responsibility and realistic opportunity to intervene.

24. After being shot with rounds from a lethal firearm, MCLAUGHLIN was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment. Defendants did not timely summon medical care or permit medical personnel to treat MCLAUGHLIN. The delay of medical care to MCLAUGHLIN caused MCLAUGHLIN extreme physical and emotional pain and suffering, and was a contributing cause of MCLAUGHLIN'S serious physical injuries.

25. As a result of the shooting, MCLAUGHLIN sustained life threatening injuries, spent approximately five days in the hospital, and underwent surgery. MCLAUHLIN also incurred financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to suffering pain, emotional and mental distress, humiliation, and disfigurement.

## FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Unlawful Detention and Arrest**

**(42 U.S.C. § 1983)**

(Against Defendants SMIT and OCHOA)

26. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 25 of this Complaint with the same force and effect as if fully set forth herein.

27. The Fourth Amendment of the United States Constitution guarantees all persons the right to be free from unreasonable detention in violation of their right to privacy. 42 U.S.C. § 1983 provides a private right of action for conduct which violates this right. SMIT and OCHOA violated MCLAUGHLIN's right to be free from unreasonable search and seizures, which is guaranteed to him by the Fourth

Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28.     At all relevant times, SMIT and OCHOA acted under color of state law. SMIT and OCHOA unlawfully detained and arrested Plaintiff.  In addition to the detention itself being unreasonable, the scope and manner of the detention was unreasonable.  It was not necessary to use force against MCLAUGHLIN in order to take him into custody, if that were even necessary.

29.     The conduct of SMIT and OCHOA was willful, wanton, malicious, and done with an evil motive and intent and a reckless disregard for the rights and safety of MCLAUGHLIN and therefore warrants the imposition of exemplary and punitive damages as to SMIT and OCHOA.  As a direct result of the unreasonable detention and arrest, MCLAUGHLIN experienced severe pain and suffering, for which he is entitled to recover damages.

30.     Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

**SECOND CLAIM FOR RELIEF**

**Unreasonable Search and Seizure—Excessive Force (42 U.S.C. § 1983)**

(Against SMIT and OCHOA)

31.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 30 of his Complaint with the same force and effect as if fully set forth herein.

32.     On October 23, 2020, at approximately 4:30 p.m. on that date, OCHOA and SMIT pursued MCLAUGHLIN on foot in an open desert area in the COUNTY of Twentynine Palms. At one point, MCLAUGHLIN picked up a rock, but he never

1  threw the rock at any person. After picking up the rock, MCLAUGHLIN turned and
2  ran away from OCHOA and SMIT.

3       33.    While acting under color of state law and in the course and scope of his
4  duties as a sheriff's deputy for the SBCSD, SMIT fired multiple shots at
5  MCLAUGHLIN, striking and seriously injuring him. At the time of the shooting,
6  MCLAUGHLIN was running away from OCHOA and SMIT with his back to the
7  deputies.

8       34.    At all relevant times, including during all of the shots, MCLAUGHLIN
9  was not armed with a weapon and posed no immediate threat of death or serious
10 bodily injury to any person.  Therefore, the shooting was excessive and unreasonable.

11      35.    On information and belief, SMIT failed to give MCLAUGHLIN a
12 warning that deadly force would be used prior to shooting.  The shooting violated
13 SMIT'S training and standard sheriff's deputy training, including violating training
14 with respect to the use of deadly force and with respect to shooting at motor vehicles
15 and their occupants.

16      36.    SMIT's unjustified shooting of MCLAUGHLIN deprived
17 MCLAUGHLIN of his right to be secure in his person against unreasonable searches
18 and seizures as guaranteed to him under the Fourth Amendment to the United States
19 Constitution and applied to state actors by the Fourteenth Amendment.

20      37.    OCHOA integrally participated or failed to intervene in the violations of
21 Plaintiff's rights, and OCHOA had a responsibility and realistic opportunity to
22 intervene.

23      38.    As a result of the foregoing, MCLAUGHLIN suffered great physical
24 pain and emotional distress, and lost earning capacity.

25      39.    The conduct of OCHOA and SMIT was willful, wanton, malicious, and
26 done with reckless disregard for the rights and safety of MCLAUGHLIN, and
27 therefore warrants the imposition of exemplary and punitive damages as to OCHOA
28 and SMIT.

40.     Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

### THIRD CLAIM FOR RELIEF

**Unreasonable Search and Seizure—Denial of Medical Care (42 U.S.C. § 1983)**

(Against OCHOA and SMIT)

41.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 40 of his Complaint with the same force and effect as if fully set forth herein.

42.      After being shot with a lethal firearm, MCLAUGHLIN was immobile, bleeding profusely, and in obvious and critical need of emergency medical care and treatment.  Defendants did not timely summon medical care or permit medical personnel to treat MCLAUGHLIN.  The delay of medical care to MCLAUGHLIN caused MCLAUGHLIN extreme physical and emotional pain and suffering and was a contributing cause of MCLAUGHLIN's serious physical injuries.

43.     The denial of medical care by SMIT and OCHOA deprived MCLAUGHLIN of his right to be secure in his person against unreasonable searches and seizures as guaranteed to him under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

44.     As a result of the foregoing, MCLAUGHLIN suffered great physical pain and emotional distress, and loss of earning capacity.

45.     OCHOA integrally participated or failed to intervene in the violations of Plaintiff's rights, and OCHOA had a responsibility and realistic opportunity to intervene.

46.     SMIT and OCHOA knew that failure to provide timely medical treatment to MCLAUGHLIN could result in further significant injury or the

unnecessary and wanton infliction of pain, but disregarded that serious medical need, causing MCLAUGHLIN great bodily harm.

47. The conduct of SMIT was willful, wanton, malicious, and done with reckless disregard for the rights and safety of MCLAUGHLIN and therefore warrants the imposition of exemplary and punitive damages as to SMIT.

48. Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

## **FOURTH CLAIM FOR RELIEF**

### **Municipal Liability – Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against Defendants COUNTY and DOES 7-10)

49. Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 48 of his Complaint with the same force and effect as if fully set forth herein.

50. SMIT and OCHOA acted under color of law at all relevant times, including during the shooting.

51. When SMIT and OCHOA unlawfully detained and arrested MCLAUGHLIN and then when SMIT shot MCLAUGHLIN while he was unarmed and committing no crime, failed to de-escalate a situation, and also when SMIT and OCHOA denied MCLAUGHLIN prompt and necessary medical care after SMIT shot MCLAUGHLIN, SMIT and OCHOA acted pursuant to an expressly adopted official policy or a longstanding practice or custom of Defendant COUNTY.

52. On information and belief, SMIT and OCHOA were not disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the shooting of MCLAUGHLIN.

53. Defendants DOES 7-10, together with other CITY policymakers and supervisors, maintained, inter alia, the following unconstitutional customs, practices, and policies:

    (a)    Using excessive force, including excessive use of deadly force;

    (b)    Providing inadequate training regarding the use of deadly force;

    (c)    Employing and retaining as sheriff's deputies individuals such as SMIT, whom Defendant COUNTY at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive force;

    (d)    Inadequately supervising, training, controlling, assigning, and disciplining COUNTY deputies and other personnel, including SMIT, whom Defendant COUNTY knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits;

    (e)    Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by COUNTY deputies;

    (f)    Failing to adequately discipline COUNTY deputies for the above-referenced categories of misconduct, including "slaps on the wrist," discipline that is so slight as to be out of proportion to the magnitude of the misconduct, and other inadequate discipline that is tantamount to encouraging misconduct;

    (g)    Announcing that unjustified shootings are "within policy," including shootings that were later determined in court to be unconstitutional;

(h)    Even where shootings are determined in court to be unconstitutional, refusing to discipline, terminate, or retrain the officers involved;

(i)    Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," or simply "code of silence," pursuant to which law enforcement officers do not report other officers' errors, misconduct, or crimes. Pursuant to this code of silence, if questioned about an incident of misconduct involving another officer, while following the code, the officer being questioned will claim ignorance of the other officers' wrongdoing; and

(j)    Maintaining a policy of inaction and an attitude of indifference towards soaring numbers of police shootings and other uses of force, including by failing to discipline, retrain, investigate, terminate, and recommend officers for criminal prosecution who participate in shootings of unarmed people.

54.    By reason of the aforementioned acts and omissions, Plaintiff incurred financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to enduring pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.

55.    Defendants COUNTY and DOES 7-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above, Defendants COUNTY and DOES 7-10, condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of MCLAUGHLIN, Plaintiffs, and other individuals similarly situated.

56.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, DOES 7-10 acted with intentional, reckless, and callous disregard for the life of MCLAUGHLIN and for MCLAUGHLIN's and Plaintiff's constitutional rights.  Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and DOES 7-10 were affirmatively linked to and were a significantly influential force behind the injuries of MCLAUGHLIN and Plaintiff.

57.     The following are only a few examples of continued misconduct by SBCSD officers, which indicate the COUNTY's failure to properly train its sheriff's deputies:

a) In *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that the use of deadly force against the unarmed Merlin Factor in 2013 was unreasonable. The police reports showed that Mr. Factor was unarmed, and the parties settled the case for a high six-figure settlement.

b) In *Archibald v. County of San Bernardino*, case number 5-16-cv-1128, Plaintiff argued that the involved San Bernardino County sheriff's deputy used deadly force against the unarmed Nathanael Pickett in 2015 when he posed no immediate threat. In 2018, the jury in that case returned a $33.5 million verdict against Defendant County of San Bernardino and its involved deputy, Kyle Woods. In the *Archibald* case, there was video footage that captured the shooting incident. However, SBSD accepted Woods' version over what was depicted in the video and rejected Woods' version of the shooting. Woods continued to work at SBSD after the *Archibald* shooting, and then he was involved in another shooting. On January 14, 2018, after the *Archibald* shooting incident, Woods shot Ryan Martinez after Mr. Martinez's vehicle flipped over and while Mr. Martinez was still inside the vehicle. The contentions

against Woods were that he shot Mr. Martinez without giving him
commands, without warning, and when there was no imminent or
immediate threat of death or serious bodily injury to anyone. After the
Martinez shooting, Woods remained employed by the SBSD. That the
SBSD retained Woods after he shot Ryan Martinez raises an inference
that the County retained and hired deputies who demonstrated a
propensity for abusing their authority.

c) In *T.M. (Phillips) v. County of San Bernardino, et al.*, case number 5:18-cv-2532-R-PLA, Plaintiff alleged that the shooting of Lajuana Phillips was excessive and unreasonable.  In 2018, the parties settled the case for a seven-figure settlement.

d) In *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of Keivon Young was excessive and unreasonable.  In 2016 a jury agreed and awarded a high six-figure verdict in Plaintiff's favor.

e) Numerous prior incidents at County San Bernardino detention centers also support Plaintiffs' claims for Municipal Liability in this case. For example, between 2014 and 2016, thirty-three County inmates filed lawsuits alleging torture by the County and its deputies involving violations of 42 USC 1983. (Case Nos. 5:15-cv-02515-JGB-DTB) Johnny Alcala and 14 other inmates sued the County, and David Smith filed his own lawsuit (5:15-cv-02513-JGB-DTB), going back to years of torture by COUNTY correctional officers. Moreover, the ACLU also brought a class action lawsuit alleging unconstitutional practice of LGBT inmates at the County's WVDC. (Case No. 14-2171-JGB-SP). The ACLU's lawsuit addressed the trouble of WVDC in denying services in unconstitutional manner, including failure to make safety

1   checks as mandated by Title 15, and the suit represented approximately
2   600 individuals.

3   58.   Accordingly, Defendants COUNTY and DOES 7-10 each are liable to
4   Plaintiff for compensatory damages under 42 U.S.C. § 1983.

5   59.   Plaintiff seeks damages on this claim, including for his financial loss in
6   the form of past and future loss of earnings and past and future medical expenses, in
7   addition to his pain and suffering, emotional and mental distress from the physical
8   injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under
9   this claim.

10   **FIFTH CLAIM FOR RELIEF**
11   **Municipal Liability—Ratification (42 U.S.C. § 1983)**
12   (Against Defendants COUNTY and DOES 7-10)

13   60.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1
14   through 59 of this Complaint with the same force and effect as if fully set forth
15   herein.

16   61.   SMIT's and OCHOA's acts, including unlawfully detaining and
17   arresting MCLAUGHLIN, SMIT shooting MCLAUGHLIN while he was unarmed
18   and committing no crime, SMIT failing to give a warning that deadly force would be
19   used prior to shooting, failing to de-escalate the situation, and then denying
20   MCLAUGHLIN prompt and necessary medical care, deprived MCLAUGHLIN and
21   Plaintiff of his rights under the United States Constitution.

22   62.   At all relevant times, SMIT and OCHOA were acting under color of
23   law.

24   63.   Upon information and belief, a final policymaker, acting under color of
25   law, who had final policymaking authority concerning SMIT's and OCHOA's acts,
26   ratified SMIT's and OCHOA's acts and the bases for them.  Upon information and
27   belief, the final policymakers knew of and specifically approved of SMIT's and
28   OCHOA's acts, including the shooting.  Upon information and belief, the final

policymaker(s) have determined that SMIT's and OCHOA's actions were "within policy."

64.     By reason of the aforementioned acts and omissions, Plaintiff incurred financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to enduring pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.

65.     Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

## SIXTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(Against Defendants COUNTY and DOES 7-10)

66.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 65 of his Complaint with the same force and effect as if fully set forth herein.

67.     Defendants SMIT and OCHOA acted under color of law.

68.     SMIT's and OCHOA's acts, including unlawfully detaining and arresting MCLAUGHLIN, SMIT shooting MCLAUGHLIN while he was unarmed and committing no crime, failing to give a warning that deadly force would be used prior to shooting, and then denying MCLAUGHLIN prompt and necessary medical care, deprived MCLAUGHLIN of his particular rights under the United States Constitution.

69.     The training policies of Defendant COUNTY were not adequate to train its officers to handle the usual and recurring situations with which they must deal. This includes training polices with respect to the use of the use of force, including deadly force, and with respect to handling and de-escalating situations.

70.     Defendant COUNTY was deliberately indifferent to the obvious consequences of its failure to train its officers adequately.

71.     The failure of Defendant COUNTY to provide adequate training caused the deprivation of Plaintiff's rights by SMIT and OCHOA; that is, the defendants' failure to train is so closely related to the deprivation of the Plaintiff's rights as to be the moving force that caused the ultimate injury.

72.     The following are only a few examples of continued misconduct by sheriff's deputies working for the COUNTY, which indicate the COUNTY's failure to properly train its sheriff's deputies:

f)   In *Estate of Merlin Factor v. County of San Bernardino, et al.*, case number 5:14-cv-01289-DMG-AGR(x), Plaintiffs argued that the use of deadly force against the unarmed Merlin Factor in 2013 was unreasonable. The police reports showed that Mr. Factor was unarmed, and the parties settled the case for a high six-figure settlement.

g)   In *Archibald v. County of San Bernardino*, case number 5-16-cv-1128, Plaintiff argued that the involved San Bernardino County sheriff's deputy used deadly force against the unarmed Nathanael Pickett in 2015 when he posed no immediate threat. In 2018, the jury in that case returned a $33.5 million verdict against Defendant County of San Bernardino and its involved deputy, Kyle Woods. In the *Archibald* case, there was video footage that captured the shooting incident. However, SBSD accepted Woods' version over what was depicted in the video and rejected Woods' version of the shooting. Woods continued to work at SBSD after the *Archibald* shooting, and then he was involved in another shooting. On January 14, 2018, after the *Archibald* shooting incident, Woods shot Ryan Martinez after Mr. Martinez's vehicle flipped over and while Mr. Martinez was still inside the vehicle. The contentions against Woods were that he shot Mr. Martinez without giving him

commands, without warning, and when there was no imminent or immediate threat of death or serious bodily injury to anyone. After the Martinez shooting, Woods remained employed by the SBSD. That the SBSD retained Woods after he shot Ryan Martinez raises an inference that the County retained and hired deputies who demonstrated a propensity for abusing their authority.

h) In *T.M. (Phillips) v. County of San Bernardino, et al.*, case number 5:18-cv-2532-R-PLA, Plaintiff alleged that the shooting of Lajuana Phillips was excessive and unreasonable.  In 2018, the parties settled the case for a seven-figure settlement.

i) In *Young v. County of San Bernardino, et al.*, case number 5:15-CV-01102-JGB-SP, Plaintiff argued that the 2014 shooting of Keivon Young was excessive and unreasonable.  In 2016 a jury agreed and awarded a high six-figure verdict in Plaintiff's favor.

j) Numerous prior incidents at County San Bernardino detention centers also support Plaintiffs' claims for Municipal Liability in this case. For example, between 2014 and 2016, thirty-three County inmates filed lawsuits alleging torture by the County and its deputies involving violations of 42 USC 1983. (Case Nos. 5:15-cv-02515-JGB-DTB) Johnny Alcala and 14 other inmates sued the County, and David Smith filed his own lawsuit (5:15-cv-02513-JGB-DTB), going back to years of torture by COUNTY correctional officers. Moreover, the ACLU also brought a class action lawsuit alleging unconstitutional practice of LGBT inmates at the County's WVDC. (Case No. 14-2171-JGB-SP). The ACLU's lawsuit addressed the trouble of WVDC in denying services in unconstitutional manner, including failure to make safety checks as mandated by Title 15, and the suit represented approximately 600 individuals.

73.     Accordingly, Defendants COUNTY and DOES 7-10 each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

74.     By reason of the aforementioned acts and omissions, Plaintiff has suffered damages. Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

## SEVENTH CLAIM FOR RELIEF

**False Arrest / False Imprisonment**

(Survival and Wrongful Death)

(Against COUNTY, OCHOA and SMIT)

75.     Plaintiff re-allege and incorporates by reference herein paragraphs 1 through 74 of this Complaint.

76.     SMIT and OCHOA unlawfully detained MCLAUGHLIN.  Not only was the detention itself unreasonable, but the scope and manner of the detention was unreasonable as set forth above.  SMIT intentionally restricted MCLAUGHLIN's freedom of movement for an appreciable amount of time when he shot him. MCLAUGHLIN did not consent to the restriction of his freedom of movement. MCLAUGHLIN was unarmed and committing no crime at all relevant times.

77.     As an actual and proximate result of SMIT's and OCHOA's false arrest/false imprisonment of MCLAUGHLIN and the force used, MCLAUGHLIN suffered serious physical injuries (*deleted a part about pecuniary damages – not sure if you want to add anything*). Accordingly, Plaintiff is entitled to compensatory damages on this claim.

78.     Defendants SMIT and OCHOA committed the aforementioned acts and omissions knowingly, willfully, maliciously, with the expressed intent to harm

MCLAUGHLIN and with conscious or reckless disregard for MCLAUGHLIN's rights.  By reason thereof, Plaintiff seeks punitive and exemplary damages from SMIT and OCHOA in an amount according to proof at trial.

79.   Defendant COUNTY is vicariously liable for the wrongful acts of SMIT and OCHOA pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

80.   Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

## EIGHTH CLAIM FOR RELIEF

### Battery

### (Against Defendants COUNTY, OCHOA and SMIT)

81.   Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 80 of his Complaint with the same force and effect as if fully set forth herein.

82.   SMIT, while working and acting within the course and scope of his duties as a sheriff's deputy for the SBCSD, fired shots at MCLAUGHLIN.  At the time of the shooting, MCLAUGHLIN was unarmed and posed no immediate threat of death or serious bodily injury to SMIT or to anyone else.  Also at the time of the shooting, MCLAUGHLIN was running away from the deputies, with his back to them. The shooting was excessive and objectively unreasonable.

83.   As a direct and proximate result of the shots fired by SMIT as alleged above, MCLAUGHLIN suffered damages, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.

84.     The COUNTY is vicariously liable for the wrongful acts of SMIT pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85.     The conduct of SMIT was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of MCLAUGHLIN, entitling Plaintiff to an award of exemplary and punitive damages as to SMIT and OCHOA.

86.     Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

## NINTH CLAIM FOR RELIEF

### Negligence

(Against all Defendants)

87.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 86 of his Complaint with the same force and effect as if fully set forth herein.

88.     Sheriff's deputies, including SMIT and OCHOA, have a duty to use reasonable care to prevent harm or injury to others.  This duty includes using appropriate tactics, giving appropriate commands, giving warnings, and not using any force unless necessary, using less than lethal options, and only using deadly force as a last resort.

89.     SMIT and OCHOA breached this duty of care.  The actions and inactions of Defendants SMIT and OCHOA were negligent and reckless, including but not limited to:

        (a)     the failure to properly and adequately assess the need to use deadly force against MCLAUGHLIN;

(b)    the negligent tactics and handling of the situation with MCLAUGHLIN, including pre-shooting negligence;

(c)    the negligent use of deadly force against MCLAUGHLIN;

(d)    the failure to provide prompt medical care to MCLAUGHLIN;

(e)    the COUNTY'S failure to properly train and supervise SMIT with respect to the use of deadly force;

(f)    the failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of MCLAUGHLIN; and

(g)    the negligent communication of information during the incident.

90.    As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, MCLAUGHLIN was caused to suffer severe pain and suffering and to incur financial loss.

91.    The COUNTY is vicariously liable for the wrongful acts of SMIT and Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject her or her to liability.

92.    Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

## **TENTH CLAIM FOR RELIEF**

### **(Violation of Cal. Civil Code § 52.1)**

(Against all Defendants)

93.     Plaintiff repeats and re-alleges each and every allegation in paragraphs 1 through 92 of his Complaint with the same force and effect as if fully set forth herein.

94.     California Civil Code, Section 52.1 (the Bane Act), prohibits any person from intentionally interfering with a person's constitutional rights, which can be shown by a reckless disregard for that person's constitutional rights.  Here, SMIT acted with a reckless disregard for MCLAUGHLIN's constitutional rights when he shot him, which shows SMIT's intent to violate MCLAUGHLIN's constitutional rights.

95.     On information and belief, SMIT, while working for the COUNTY and acting within the course and scope of his duties, intentionally committed and attempted to commit acts of violence against MCLAUGHLIN, including shooting him with a firearm without justification or excuse and denying him necessary medical care.

96.     When SMIT shot MCLAUGHLIN with a lethal firearm, he interfered with his constitutional rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, to medical care, to be free from state actions that shock the conscience, and to life, liberty, and property.

97.     On information and belief, SMIT intentionally shot MCLAUGHLIN to discourage MCLAUGHLIN from exercising his civil rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights, which he was fully entitled to enjoy.  On information and belief, MCLAUGHLIN reasonably believed and understood that the violent acts committed by SMIT were intended to discourage him from exercising his constitutional rights, to retaliate against him for invoking such rights, or to prevent him from exercising such rights.

98.    The conduct of SMIT and OCHOA was a substantial factor in causing Plaintiff's harms, losses, injuries, and damages.

99.    The COUNTY is vicariously liable for the wrongful acts of SMIT and Defendants DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.  Defendants DOES 7-10 are vicariously liable under California law and the doctrine of *respondeat superior*.

100.    The conduct of SMIT and OCHOA was malicious, wanton, oppressive, and accomplished with a conscious disregard for MCLAUGHLIN's and Plaintiff's rights, justifying an award of exemplary and punitive damages as to SMIT.

101.    Plaintiff seeks damages on this claim, including for his financial loss in the form of past and future loss of earnings and past and future medical expenses, in addition to his pain and suffering, emotional and mental distress from the physical injuries, humiliation, and disfigurement.  Plaintiff also seeks attorney's fees under this claim.

102.    Plaintiff also seeks attorney's fees and a multiplier under this claim pursuant to Cal. Civ. Code §52 *et seq*.

1

## **<u>PRAYER FOR RELIEF</u>**

2      WHEREFORE, Plaintiff Joseph McLaughlin requests entry of judgment in his

3 favor and against Defendants Kyle Smit, Adan Ochoa, the County of San Bernardino

4 and Does 1-10, inclusive, as follows:

5          A.    For compensatory damages under federal and state law, in the

6               amount to be proven at trial, including damages for his financial

7               loss in the form of past and future loss of earnings and past and

8               future medical expenses, in addition to his pain and suffering,

9               emotional and mental distress from the physical injuries,

10               humiliation, and disfigurement.

11          B.    For punitive damages against the individual defendants in an

12               amount to be proven at trial;

13          D.    For interest;

14          E.    For reasonable attorneys' fees, including litigation expenses;

15          F.    For costs of suit; and

16          G.    For such further other relief as the Court may deem just, proper,

17               and appropriate.

18

19 DATED: July 2, 2021                  LAW OFFICES OF DALE K. GALIPO

20                                      */s/ Dale K. Galipo*

21                                      Dale K. Galipo

22                                      *Attorney for Plaintiff*

23

24

25

26

27

28

1

## **<u>DEMAND FOR JURY TRIAL</u>**

2     Plaintiff hereby demand a trial by jury.

3

4 DATED: July 2, 2021                LAW OFFICES OF DALE K. GALIPO

5                           */s/ Dale K. Galipo*

6                           Dale K. Galipo

7                           *Attorney for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES